United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-30424
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE JULIAN PARRAL, also known as Jose Julian Parral-Ramos, also
known as Jose Julin Parral-Ramos,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-163
---------------------

Before BARKSDALE, GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jose Julian Parral appeals his guilty-plea conviction and

sentence for illegal reentry into the United States. He argues

that the 96-month term of imprisonment imposed in his case

exceeds the statutory maximum sentence allowed for the 8 U.S.C.

§ 1326(a) offense charged in his indictment.

Parral's argument is foreclosed by Almendarez-Torres v.

United States, 523 U.S. 224, 235 (1998), in which the Supreme

Court held that treatment of prior convictions as sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factors, rather than as elements of the offense that must be found by a jury, was constitutional. Although Parral contends that a majority of the Supreme Court would now consider Almendarez-Torres to be incorrectly decided in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Parral properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.